**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**ANTONIO RODRIGUEZ MORALES**<br>**MARIA L RAMOS RODRIGUEZ**<br><br><br><br>**Debtor(s)** | **CASE NO. 12-00886**<br>**Chapter 13**<br><br><br>**Adversary No. 14-00057** |
| **ANTONIO RODRIGUEZ MORALES**<br>**MARIA L RAMOS RODRIGUEZ**<br><br>**Plaintiff**<br>**vs.**<br><br>**CITIMORTGAGE, INC.**<br><br>**Defendant(s)** | <br><br><br><br><br><br>**FILED & ENTERED ON 6/18/2015** |

**OPINION & ORDER**

This matter is before the court upon the Plaintiffs'/Debtors' Antonio Rodríguez Morales and María Luisa Ramos Rodríguez, (the "Plaintiffs" or "Debtors") Motion Requesting Summary Judgment [Dkt. No. 14], the Motion Reaffirming Request for Summary Judgment [Dkt. No. 22], and the Motion Requesting Summary Judgment [Dkt. No. 26], and the Motion for Summary Judgment and Statement of Uncontested Facts [Dkt. No's 29, 30] filed by CitiMortgage Inc. ("Defendant"), and Plaintiffs' Opposition thereto [Dkt. No. 40]. For the reasons stated herein, the

1

Plaintiffs' Motion Requesting Summary Judgment is DENIED, and the Defendant's Motion for Summary Judgment is DENIED, in part and GRANTED in part.

**Factual Background**

On October 29, 2008, Defendant filed a foreclosure complaint against Plaintiffs at the Puerto Rico Court of First Instance, Superior Court of Cayey ("State Court"), Case No. G 2CI2008-00396 [Dkt. No. 35, exhibit 3]. On March 9, 2009, judgment was entered and Plaintiffs were ordered to pay Defendant $34,184.31 plus interest, late charges, costs, expenses and attorney fees [Dkt. No. 35, exhibit 2]. On April 1, 2009, Plaintiffs requested that judgment be set aside, challenging the amount due in arrears on the mortgage and arguing that Defendant had not credited mortgage payments made by them [Dkt. No. 35, exhibit 4]. The State Court denied Plaintiffs' motion on April 16, 2009 [Dkt. No. 35, exhibit 5]. Plaintiffs did not appeal this order or the foreclosure judgment which followed. The order and writ of execution were entered in the foreclosure action on March 24 and 25, 2011, respectively [Dkt. No. 35, exhibit 6 and 7].

On February 7, 2012 and April 19, 2012, Debtors filed for bankruptcy under Chapter 13, Case No. 12-00886 BKT and Case No. 12-02970 BKT. On June 20, 2012, both Debtors were consolidated under Case No. 12-00886 BKT [Legal Case Dkt. No. 33]. In Schedules A and D, Debtors reported a real property ("Real Property") in Calle 10 #36, Bda, Polvorín Cayey, Puerto Rico encumbered with a mortgage in favor of Defendant for $33, 524.04.

On June 25, 2012, Defendant's attorney filed a Notice of Appearance [legal case Dkt. No. 35] requesting on behalf of CitiMortgage Inc. that all notices, plans, amendments to plans and motions filed by any party be notified to CitiMortgage Inc. by due service upon the undersigned attorneys.

On July 6, 2012, Defendant filed a secured Proof of Claim in the amount of $33,524.04 [legal case claim number 3-1] stating that notices should be sent to Martinez & Torres Law Offices, P.S.C., P.O. Box 192938, San Juan, Puerto Rico 00919-2938 and payments should be sent to Citimortgage Inc., P.O. Box 688971, Des Moines, Iowa 50368-8971.

On August 3, 2012, Debtors filed an objection to Defendant's claim [legal case Dkt. No. 38], which was denied by the court on August 7, 2012 for failure to include a certificate of service to the claimants in the motion, and comply with the notice requirements of PR LBR 9013-1(h)(1) [legal case Dkt. No. 42]. Plaintiffs filed two additional objections to Defendant's claim on August 8, 2012 [legal case Dkt. No. 45] and September 12, 2012 [legal case Dkt. No. 66]. On September 13, 2012, Plaintiffs voluntarily withdrew the objection to claim filed on August 8, 2012 [legal case Dkt. No. 73]. On September 20, 2012, the court denied Plaintiffs' objection filed on September 12, 2012, for failure to comply with the notice requirements of PR LBR 3007-1(c) [legal case Dkt. No. 73]. On September 21, 2012, Plaintiffs filed a fourth objection to Defendant's claim [legal case Dkt. No. 77] and on November 2, 2012, they filed a motion requesting entry of order, as Defendant had not opposed Plaintiffs' objection [legal case Dkt. No. 86]. On December 17, 2012, the court granted as unopposed the objection filed by Plaintiffs [legal case Dkt. No. 91], and claim number 3-1 was disallowed in its entirety.

The Debtors' Chapter 13 plan [legal case Dkt. No. 102] was confirmed on December 21, 2012. Although the trustee did not make payments to Defendant through the approved plan, the plan provided that regular monthly payments were to be made directly to Defendant by Debtors, as established in the mortgage contract. The Debtors discharge order was entered on September 9, 2013 [legal case Dkt. No. 137].

On November 21, 2013, the Defendant filed a motion before the State Court requesting authorization to resume the foreclosure action, *in rem*, stating that the action to collect money would not be pursued [Dkt. No. 35, exhibit 6 and 7].

On February 28, 2014, Plaintiffs filed the instant adversary proceeding. Plaintiffs argue that by resuming the foreclosure action in State Court, Defendant violated the discharge order. Plaintiffs also argue that since Plaintiffs' objection to Defendant's secured proof of claim was granted, Defendant is not entitled to pursue an *in rem* mortgage foreclosure. Plaintiffs request that Defendant be found in violation of the discharge order, be forbidden from resuming the foreclosure action and be ordered to pay penalties and legal fees in the amount of $5,000.00.

On June 11, 2014, an Initial Scheduling Conference was held and the court ordered each party to file simultaneous motions for summary judgment by August 15, 2014 [Dkt. No. 10]. On July 11, 2014, Plaintiffs filed a Motion Requesting Summary Judgment [Dkt. No. 14].

On August 12, 2014, Defendant filed a Motion to Dismiss [Dkt. No. 17]. The court denied the motion on January 12, 2015, and Defendant was ordered to reply to the Plaintiffs' Motion for Summary Judgment within twenty days [Dkt. No. 24]. On February 5, 2015, Defendant filed a Motion Requesting an Extension of Time to respond to Plaintiffs' motion for summary judgment [Dkt. No. 27], which was opposed by Plaintiffs on February 5, 2015 [Dkt. No. 28].

On February 9, 2015 Defendant filed a Motion for Summary Judgment [Dkt. No. 30], with its corresponding Statement of Uncontested Facts [Dkt. No. 29], alleging that: (1) the order granting the objection to Defendant's proof of claim was null and void, as per the Rooker-Feldman doctrine, because the Plaintiffs raised in Bankruptcy Court the same arguments that had

4

already been adjudicated and denied by the State Court in the foreclosure action; (2) notice of the objection to the claim was deficient based on Bankruptcy Rules 9014, 7004 (b)(3), 2002(g) and LBR 3007-1, as Plaintiffs' certificate of service reflects an incorrect address for Defendant and did not include the address to which notices should be sent to according to Defendant's proof of claim; and, (3) secured claims are not affected by a discharge order, therefore, Defendant did not violate the order by pursuing the *in rem* action. Defendant requests the court set aside the order granting Plaintiffs' objection to Defendant's claim, to declare that Defendant is a secured claim holder, to declare that Defendant did not violate the discharge order, to deny Plaintiffs' request that the State Court foreclosure proceedings be stayed, and to order Plaintiffs to pay attorney's fees and costs associated with the instant proceeding.

On March 18, 2015, Plaintiffs filed an Opposition to Summary Judgment, raising the same facts and arguments stated in Plaintiffs' previous Motion for Summary Judgment.

**Standard of Review**

The role of summary judgment is to look behind the facade of the pleadings and assess the parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003).Pursuant to Fed. R. Civ. P. Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings that it

believes demonstrate there is no genuine issue of material fact. <u>In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank</u>, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it could potentially affect the outcome of the suit. <u>Borges</u>, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. <u>Alt. Sys. Concepts, Inc. v. Synopsys, Inc.</u>, 374 F.3d 23, 26 (1st Cir. 2004).

**Legal Analysis**

The main issues before the court are: (1) whether the order granting the objection to Defendant's claim number 3-1 is void; (2) whether Defendant, as a secured claim holder, is entitled to pursue the *in rem* mortgage foreclosure action; and (3) whether Defendant violated the discharge order.

As to whether the order granting the objection to Defendant's claim is void due to lack of due notice, the Advisory Committee Notes to Fed. R. Bankr. P. 9014[1] and 3007[2] clearly state that the filing of an objection initiates a contested matter. Bankruptcy Rules 3007, 9014, and 7004 set forth the procedures that must be observed when objecting a proof of claim. Rules 3007 and 9014(a) concern notice, while rules 9014(b) and 7004 address service. These rules work together

---

[1]The Advisory Committee Note to Rule 9014 states: "Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter. ***For example, the filing of an objection to a proof of claim,*** to a claim of exemption, or to a disclosure statement creates a dispute which is a contested matter." (Emphasis ours).

[2]The Advisory Committee Note to Rule 3007 states:"**The contested matter initiated by an objection to a claim is governed by rule 9014,** unless a counterclaim by the trustee is joined with the objection to the claim." (Emphasis ours).

to oversee service of an objection to a claim and notice of the hearing about it. Rule 9014 says, in pertinent part:

> (a) Motion. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.
>
> (b)**Service. The motion shall be served in the manner provided for service of a summons and complaint by Rule7004** and within the time determined under Rule 9006(d)...(Emphasis ours).

On the other hand, Rule 7004(b)(3) requires that service by first class mail on a domestic corporation be made by "mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, **or to any other agent authorized by appointment or by law to receive service of process** and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." (Emphasis ours).

Furthermore, Local Rule 9036-1 provides that:

> (2) **Filing users of CM/ECF consent to notice and service by electronic transmission upon registration as filing users**. A Notice of Electronic Filing ("NEF") is automatically generated by CM/ECF and sent electronically to filing users. **Service of the NEF constitutes notice and service pursuant to the Fed. R. Civ. P., Fed. R. Bankr. P.,** and these rules for all persons and entities that have consented to electronic service. (Emphasis ours).

Defendant's attorney filed a Notice of Appearance [legal case Dkt. No. 35] requesting on behalf of CitiMortgage Inc. that all notices, plans, amendments to plans and motions filed by any party be notified to CitiMortgage Inc. by due service upon the undersigned attorney. Therefore, pursuant to Rule 7004(b)(3), Defendant's attorney is acting by appointment as an authorized agent for the Defendant in the instant case. Moreover, the postal address stated for such purposes in the Notice of Appearance is P.O. Box 192938, San Juan, Puerto Rico 00919-2938. The notice

7

address specified in Defendant's proof of claim number 3-1 states this exact address.

Defendant contends that Plaintiffs' objection should be set aside for lack of due notice, arguing that Plaintiffs' certificate of service reflects an incorrect address for Defendant and that the certificate did not include the address to which notices should be sent to, according to Defendant's proof of claim. However, upon reviewing Plaintiffs' final objection to Defendant's claim [legal case Dkt. No. 77], it is evident that Defendant was properly noticed and served at its attorney's postal address. Furthermore, as per Local Rules 5005-4(b)(2)(C)(i) and 9036-1, notice and service was made by electronic transmission through the court's 'Notice of Electronic Filing' ("NEF") to Defendant's attorney, which constitutes proper notice and service.

Although Plaintiffs' three initial attempts to object Defendant's proof of claim were procedurally flawed, the final objection did meet the notice and service requirements of Bankruptcy Rules 3007, 9014, and 7004, as Defendant's attorney was authorized to accept service of the objection. Therefore, since Defendant did not timely respond to Plaintiffs' claim objection, the court's disallowance of claim number 3-1 was valid. The court's order was not reconsidered or appealed by the Defendant and thus became final on January 4, 2013.

At this juncture the court will not decide the substantive merits of Defendant's claim concerning lack of jurisdiction of this court and the application of the Rooker-Feldman doctrine to the disallowance of the claim objection, as it is deemed unnecessary. Plaintiffs listed Defendant as a secured creditor in Schedules A and D with a mortgage in favor of Defendant for $33,524.04. Furthermore, Plaintiffs did not list this claim as unliquidated, contingent or disputed nor did they challenge the validity or enforceability of Defendant's lien. On the other hand, Defendant's proof of claim was also for $33,524.04. Although Defendant's claim was disallowed,

this had no effect on the amount claimed, as both parties listed the same amount owed to Defendant as secured debt. Furthermore, the confirmed plan [Dkt. No. 102] provided that Plaintiffs would continue to make monthly payments directly to Defendant, as established in the mortgage contract.

As to whether Defendant is entitled to pursue an *in rem* mortgage foreclosure action, pursuant to 11 U.S.C.§ 524(a) a debtor is protected from a subsequent suit in a state court, or any other act to collect, by a creditor whose claim had been discharged. 4-524 Collier on Bankruptcy P 524.02, (16th Ed. 2013). The effects of the discharge are specified in Section 524, which states in pertinent part:

> (a) A discharge in a case under this title—
>
> (1)voids any judgment at any time obtained, **to the extent that such judgment is a determination of the personal liability of the debtor** with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2)**operates as an injunction against the commencement or continuation of an action**, the employment of process, or an act, **to collect, recover or offset any such debt as a personal liability of the debtor**, whether or not discharge of such debt is waived....(emphasis ours).

"It is hornbook law that a valid lien survives a discharge in bankruptcy unless it is avoidable and the debtor takes the proper steps to avoid it." Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 21 (1st Cir. 2002) (*citing* Holloway v. John Hancock Mut. Life Ins. Co. (In re Holloway), 81 F.3d 1062, 1063 (11th Cir.1996)). The discharge injunction of 11 U.S.C. § 524(a)(2) enjoins only actions seeking to enforce the debtor's personal liability. In other words, "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the

9

debtor *in rem*." <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 84 (1991). Therefore, in order to modify or extinguish a lien during a bankruptcy process, the debtor must take the proper steps to avoid the lien. Creditors that hold valid liens, which were not avoided in the bankruptcy case, are free to enforce those liens against their collateral after the debtor's personal liability has been discharged. Thus, a mortgagee may lawfully pursue its *in rem* rights through foreclosure after a discharge has entered, but may not pursue a discharged debtor for repayment of the note.

The Bankruptcy Code provides an automatic stay to those who file bankruptcy petitions in order to stop collections of debts until the merits of the bankruptcy termination are determined. <u>See</u> 11 U.S.C § 362 (a). With respect to the duration of the automatic stay, 11 U.S.C. § 362(c) provides that:

> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>
> (2) **the stay of any other act under subsection (a) of this section continues until the earliest of**—
>      (A) the time the case is closed;
>      (B) the time the case is dismissed; or
>      (C) if the case is a case under chapter 7 of this title concerning an individual or a case **under chapter** 9, 11, 12 or **13 of this title, the time a discharge is granted or denied.** (Emphasis ours).

In the present case, Plaintiffs took no affirmative action to avoid Defendant's lien on the Real Property. Therefore, Defendant's lien remained enforceable against the Real Property even after the Plaintiffs' personal liability had been discharged.

The order of discharge was entered on September 9, 2013. Thus, the automatic stay ended when the discharge was granted under chapter 13. Subsequently, on November 21, 2013, the Defendant filed a motion before the State Court requesting authorization to resume the

foreclosure action, *in rem*. After the discharge, any act by the Defendants to foreclose the Real Property was not a violation of the automatic stay because the stay was longer in effect. The action to foreclose on the Real Property *in rem* is not bared by the discharge order, as Defendant's secured claim was not discharged. Therefore, after the entry of the discharge order, the stay ceased to exist and Defendant was free to enforce its *in rem* State Court action against Plaintiffs' Real Property.

Regarding Plaintiffs' and Defendant's request that orders be entered awarding attorney's fees and costs associated with the instant proceeding, the court denies both requests, as neither claimant has asserted a legal basis for such award.

**Conclusion**

For the reasons expressed above, Defendant's Motion for Summary Judgment is DENIED in part, and GRANTED in part. Specifically, as to the allegation that the order granting the objection to Defendant's proof of claim was null and void, it is DENIED. As to the allegation that Defendant did not violate the discharge order by pursuing the *in rem* foreclosure action in State Court, it is GRANTED.

As to the Plaintiffs' allegations that Defendant violated the automatic stay by resuming the State Court foreclosure action after the discharge order was entered, and that Defendant is not entitled to foreclose on its collateral, Plaintiffs' Motion Requesting Summary Judgment is DENIED. Plaintiffs' and Defendant's requests that orders be entered awarding attorney's fees and costs associated with the instant proceeding are DENIED.

WHEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED in part and DENIED in part. Plaintiffs' Motion Requesting

Summary Judgment is DENIED. Clerk to enter judgment and close the adversary proceeding forthwith.

SO ORDERED

San Juan, Puerto Rico, this 18th day of June, 2015.

Brian K. Tester
U.S. Bankruptcy Judge

12